IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Darlene Perry,

                Plaintiff,

vs.

Marlene Tsosie, in her capacity as Principal
of Chichiltah-Jones Ranch Community
School; Chichiltah-Jones Ranch Community
School, Bureau of Indian Education,
United States Department of the Interior,

                Defendants.

## COMPLAINT FOR VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

    Plaintiff alleges:

    1.    This action arises under the Family Medical Leave Act, 29 USC § 2601, et seq. This Court is vested with jurisdiction pursuant to Section 2617(a)(2) of Title 29 of the United States Code.

    2.    At all times relevant to this Complaint, Plaintiff resided within the District of Arizona.

    3.    Defendant Chichiltah-Jones Ranch Community School ("School") operates a school in the District of New Mexico. Plaintiff was employed at the School.

    4.    Defendant Marlene Tsosie ("Tsosie") was the Principal of the School. She acted, directly or indirectly, in the interest of the School toward Plaintiff.

    5.    Both Tsosie and the School are "employers" as that term is defined in 29 USC § 2611(4).

6. The events giving rise to this claim occurred in the judicial District of New Mexico.

7. Plaintiff was first hired by Defendant in August 2011. She was employed as a school counselor. She held this position until earlier this year when the events described in this complaint took place.

8. On October 14, 2016, Plaintiff's mother was hospitalized for pancreatic cancer. She was flown from Fort Defiance Indian Hospital in Fort Defiance, Arizona, to Presbyterian Hospital in Albuquerque, New Mexico.

9. Plaintiff was informed at Presbyterian Hospital that her mother was dying. The hospital told her that her mother had malignant cancer on her pancreas, and that, because of her age, nothing could be done. She simply did not have the strength to undergo medical procedures.

10. Plaintiff discussed palliative care with the hospital. Plaintiff realized she was going to have to be home with her mother.

11. After the hospitalization, Plaintiff went to Tsosie, principal. She informed her of her mother's illness, and told her that she wanted to go on Family Medical Leave.

12. Tsosie responded only "go see the clerk".

13. Plaintiff understood that the "clerk" was Gloria Skeet, who was the the business technician, but she also handled human resources.

14. Plaintiff saw Ms. Skeet that same day. Skeet falsely told Plaintiff that she was not eligible for FMLA because she did not have any standard leave remaining. Skeet

also refused to give Plaintiff the forms for FMLA leave.

15. Plaintiff obtained the FMLA leave request from another employee, Alvina James. Ms. James had had a similar situation.

16. Plaintiff submitted the FMLA paperwork on November 7, 2016. Her health care provider provided verification of the need for FMLA leave on November 28, 2016.

17. Defendants, to this day, have never responded to Plaintiff's FMLA request.

18. In December 2016, Plaintiff's father also became sick. Plaintiff wanted to seek FMLA leave to assist her father also, but felt it would be futile because Defendants never responded to the first FMLA request.

19. Plaintiff's mother died in December 12, 2016.

20. Plaintiff was advised that she would be non-renewed on February 17, 2017 for tardiness.

21. At this time, Plaintiff asked I asked what happened to her FMLA request. Tsosie said: "I don't know."

22. Plaintiff ultimately resigned because she was informed that if she did not resign she would be non-renewed. Plaintiff alleges that this "quit or be fired" situation is adverse action.

23. Plaintiff further alleges that the following conduct constitutes unlawful interference, restraint or denial of Plaintiff's FMLA rights: (1) falsely telling her that she was ineligible because she did not have any more standard leave; (2) refusing to give her the necessary forms; (3) failing to properly review the request; (4) failure to timely

respond to the request; and (5) termination based on tardiness which occurred because of the family medical need with was the subject of the FMLA request.

24. The conduct described in the prior paragraph violated 29 USC § 2615 and gave Plaintiff the right to sue under 29 USC § 2617(a).

25. Plaintiff is entitled to recover, and does hereby demand, statutory damages calculated based upon 29 USC § 2617(a)(1)(A), reinstatement based upon 29 USC § 2617(a)(1)(B), plus attorney's fees and costs pursuant to 29 USC § 2617(a)(3).

*The Law Offices of David R. Jordan, P.C.*

*/s/ David R. Jordan*
1995 State Road 602
PO Box 840
Gallup, New Mexico 87305
(505) 863-2205
(866) 604-5709 Fax
david@jordanlegal.com
Attorney for Plaintiff